UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GALIN COOK,

Plaintiff,

-against-

DOBCO, INC.,

Defendants.

-----------------------------------------------------------------X

DOBCO, INC.,

Third-Party Plaintiffs,

-against-

AMEC CONSTRUCTION, LLC and DANNICK, INC.,

Third-Party Defendant.

-----------------------------------------------------------------X

**1:23-cv-138 (MAD-CFH)**

**ANSWER TO THIRD-PARTY COMPLAINT**

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF, DOBCO, INC.,**

Third-Party Defendant DANNICK, INC. ("DANNICK"), by and through their attorneys, LEWIS, BRISBOIS, BISGAARD & SMITH LLP, as and for their Answer to the plaintiff's Complaint herein, upon information and belief, allege:

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO NATURE OF THE ACTION**

1. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "1."

2. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "2."

3. DANNICK denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained within paragraph numbered "3."

4. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "4."

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO JURISDICTION**

5. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "5", and respectfully refers all questions of law to the determined by the court.

6. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "6", and respectfully refers all questions of law to the determined by the court.

7. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "7".

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO PARTIES**

8. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "8".

9. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "9".

10. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "10".

11. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "11".

12. DANNICK denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained within paragraph numbered “12”.

13. Upon information and belief, DANNICK admits to the allegations contained within the paragraph numbered “13.”

14. Upon information and belief, DANNICK admits to the allegations contained within the paragraph numbered “14.”.

15. Upon information and belief, DANNICK admits to the allegations contained within the paragraph numbered “15.”

16. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “16”, and respectfully refers all questions of law to the determined by the court.

17. DANNICK denies each and every allegation contained within the paragraph numbered “17” as DANNICK is still doing business in New York State, otherwise admits to the allegations contained within the paragraph numbered “17.”

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO FACTS**

18. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “18”,.order between DANNICK and DOBCO, INC., exists and otherwise

19. Upon information and belief, DANNICK admits that a purchase to the allegations contained within the paragraph numbered “19”and otherwise, DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “19”, and respectfully refers all questions of law to the determined by the court as to the terms and conditions of the purchase order.

20. DANNICK denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained within paragraph numbered “20”, and respectfully refers all questions of law to the determined by the court.

21. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “21”.

22. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “22”.

23. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “23”.

24. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “24”.

25. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “25”.

26. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered “26 except admit DANNICK agreed to serve as a safety consultant per the purchase order and otherwise respectfully refers the Court to the purchase order”.

27. DANNICK denies each and every allegation contained within the paragraph numbered “27”.

28. Upon information and belief, DANNICK admits to the allegations contained within the paragraph numbered “28.”

29. DANNICK denies each and every allegation contained within the paragraph numbered “29”.

30. DANNICK denies each and every allegation contained within the paragraph

numbered “30”.

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO**
**COUNT I – CONTRACTUAL INDEMNIFICATION AND CONTRIBUTION**

31. DANNICK repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs numbered “1” through “30” with the same force and effect as fully set forth at length herein in the paragraph of the Complaint designated as number “31.”

32. DANNICK denies each and every allegation contained within the paragraph numbered “32”.

33. DANNICK denies each and every allegation contained within the paragraph numbered “33”.

34. DANNICK denies each and every allegation contained within the paragraph numbered “34”.

35. DANNICK denies each and every allegation contained within the paragraph numbered “35”.

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO**
**COUNT II – COMMON LAW CONTRIBUTION**

36. DANNICK repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs numbered “1” through “35” with the same force and effect as fully set forth at length herein in the paragraph of the Complaint designated as number “36.”

37. DANNICK denies each and every allegation contained within the paragraph numbered “37”.

38. DANNICK denies each and every allegation contained within the paragraph numbered “38”.

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO COUNT III – COMMON LAW INDEMNIFICATION**

39. DANNICK repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs numbered "1" through "38" with the same force and effect as fully set forth at length herein in the paragraph of the Complaint designated as number "39."

40. DANNICK denies each and every allegation contained within the paragraph numbered "40".

41. DANNICK denies each and every allegation contained within the paragraph numbered "41".

**THIRD-PARTY DEFENDANT, DANNICK, INC., ANSWER TO COUNT IV – BREACH OF CONTRACT**

42. DANNICK repeats, reiterates and re-alleges each and every response as previously set forth in paragraphs numbered "1" through "41" with the same force and effect as fully set forth at length herein in the paragraph of the Complaint designated as number "42."

43. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "43."

44. DANNICK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "44".

45. Upon information and belief, DANNICK admits to the allegations contained within the paragraph numbered "45."

46. DANNICK denies each and every allegation contained within the paragraph numbered "46".

47. DANNICK denies each and every allegation contained within the paragraph numbered "47".

48. Answering third-party defendant also demands a trial by jury.

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**

49. The injuries and damages allegedly suffered by the plaintiff, if any, which injuries and damages are specifically denied by the third-party defendant, were the result of culpable conduct or fault of third persons for whose conduct the third-party defendant is not legally responsible, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

**<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>**

50. Upon information and belief that whatever damages the plaintiff may have sustained at the time and place mentioned in the Amended Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff bears to the culpable conduct which caused said injuries.

**<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>**

51. Pursuant to CPLR 4545 or other controlling law, if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event the answering third-party defendant hereby pleads mitigation of damages in the assessment

of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545 or other controlling law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

52. That the occurrence alleged in the Amended Complaint was spontaneous and unavoidable and could not have been caused by this answering third-party defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

53. The plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Amended Complaint.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

54. If and in the event this answering third-party defendant is found to be liable to the third-party plaintiffs, third-party defendant's liability is limited by the provisions of Article 16 of the CPLR.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

55. That if the plaintiff shall have a judgment and/or verdict in his favor over and against the defendants/third-party plaintiffs, third-party defendant shall be entitled to all rights, remedies and off sets in accordance with General Obligations Law Article 15. The judgment and/or verdict shall be precluded, modified, off set and/or reduced by any and all sums or consideration paid or promised to the plaintiff by any person, corporation or parties claimed to be liable for the injuries and/or damages alleged in the complaint to the extent of the greater of either the sum or consideration paid or promised to the plaintiff to the amount of the released tortfeasors' equitable

share of the liability and the damages in accordance with Article 15 of the General Obligations Law Section 15-105 and Section 15-108.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

56. Any and all risks, hazards, defects or dangers alleged were open, obvious and apparent, natural and inherent and known, or should have been known to the plaintiff, and the plaintiff voluntarily assumed all such risks, hazards, defects and dangers.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

57. In the event the plaintiff seeks to recover a verdict or judgment against the third-party defendant, then said verdict or judgment must exclude those amounts which have been, or will indemnify the plaintiff for any past or future claimed medical costs, health care, life care, or other economic loss or the benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

58. In the event the plaintiff recovers a verdict or judgment against the defendants/third-party plaintiffs/third-party defendant, then said verdict or judgment must excuse or be reduced by those amounts which will, with reasonable certainty, replace or indemnify the plaintiff in whole or in part, for any past or future medical costs health care, life care or other economic loss or benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

59. To the extent that the plaintiff failed to take reasonable steps to protect himself from medical costs, health care or life care costs or to avail themselves of the resources, service benefits and coverage available to them under the Affordable Care Act, then the plaintiff failed to mitigate

his damages and cannot recover for such failure.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

60. With regard to the plaintiff's failure to mitigate his damages, this answering third-party defendant will offer proof of the cost of premiums and out-of-pocket limits that were made available to the plaintiff under the Affordable Care Act, and will offer proof of the medical costs which the plaintiff will not incur under the Affordable Care Act.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

61. Defendant/Third-Party Plaintiff's claims are barred to the extent Plaintiff failed to satisfy conditions precedent to coverage contained in the DANNICK, INC. insurance policy.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

62. Some or all of the plaintiff's claims are barred, in whole or in part, by the terms, conditions, statute of limitations, exclusions, policies limits of liability, endorsements and other terms, conditions, choice of law, and limitations in the DANNICK, INC. policy, all of which are reserved and none of which are waived.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

63. Third-Party Defendant asserts Section 15-108 of the General Obligations Law and will ask the Court that third-party defendant be entitled to a set-off for any settlements, releases or discontinuances.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

64. The Third-Party Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

65. Any coverage afforded by DANNICK, INC. policy is subject to any and all limits,

deductibles, and/or other limits as stated in said policy

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

66. If plaintiff is entitled to recover damages for loss of earnings or impairment of earning ability as against defendant by reason of the matters alleged in the Complaint, liability for which is hereby denied, the amount of damages recoverable against answering defendant, if any, shall be reduced by the amount of federal, state and local income taxes which the plaintiff would be obligated by law to pay.

**AS AND FOR A CROSS CLAIM AGAINST AMEC CONSTRUCTION, LLC**

67. That the injuries or damages, if any, alleged in the Amended Complaint were, in whole or in part, the result of the culpable conduct, negligence and/or breach of contract of AMEC Construction, LLC.

68. That if any judgment is recovered against the answering third-party defendant, then said answering third-party defendant shall be entitled to judgment over and against AMEC Construction, LLC through contribution and/or indemnification by contract and/or under common law and apportionment of damages.

**AS AND FOR A COUNTERCLAIM AGAINST DOBCO, INC.**

69. That the injuries or damages, if any, alleged in the Amended Complaint were, in whole or in part, the result of the culpable conduct, negligence and/or breach of contract of Dobco, Inc.

70. That if any judgment is recovered against the answering third-party defendant, then said answering third-party defendant shall be entitled to judgment over and against Dobco, Inc. through contribution and/or indemnification by contract and/or under common law and apportionment of damages

**WHEREFORE**, Third-Party Defendant DANNICK, INC., demands judgment dismissing the verified Third-Party Complaint herein, together with the costs and disbursements and counsel fees incurred in the defense of this action.

Dated: New York, New York
October 17, 2024

Yours, etc.,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: s/John A. Risi
John A. Risi
Bar Roll Number: 705785
*Attorneys for Third-Party Defendant*
DANNICK, INC.
77 Water Street, Suite 2100
New York, NY 10005
(212) 232-1300

Ingrid Effman, Esq.
LAW OFFICES OF JOHN WALLACE
Attorneys for Defendant/Third-Party Plaintiff
P.O. Box 2903
Hartford, CT 06104
(518) 454-4605
ieffman@travelers.com

John A. DeGasperis, Esq.
BASCH & KEEGAN
Attorneys for Plaintiff
307 Clinton Avenue
P.O. Box 4235
Kingston, NY 12401

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2024, the foregoing document, **Answer to Third-Party Complaint** was served via E-File US District Court, Southern District of New York and First Class mail upon:

Ingrid Effman, Esq.
LAW OFFICES OF JOHN WALLACE
Attorneys for Defendant/Third-Party Plaintiff
P.O. Box 2903
Hartford, CT 06104
(518) 454-4605
ieffman@travelers.com

John A. DeGasperis, Esq.
BASCH & KEEGAN
Attorneys for Plaintiff
307 Clinton Avenue
P.O. Box 4235
Kingston, NY 12401

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: New York, New York
October 17, 2024

s/John Risi
John Risi, Esq.