UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GALIN COOK,

                Plaintiff,

       -v-                                              1:23-CV-138 (AJB/PJE)

DOBCO, INC.,

                Defendant.
_____

DOBCO, INC.,

                Third-Party Plaintiff,

       -v-

DANNICK, INC. and
AMEC CONSTRUCTION, LLC,

                Third-Party Defendants.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

<b><u>ORDER GRANTING DEFAULT JUDGMENT</u></b>

       On January 31, 2023, plaintiff Galin Cook ("Cook" or "plaintiff"), a construction worker, filed this premises liability action after he slipped and fell in a snowy and icy parking lot at the U.S. Military Academy at West Point in Orange County, New York. The case was assigned to U.S. District Juge Mae A. D'Agostino.

       Initially, Cook sued the United States of America (the "Government") under the Federal Tort Claims Act ("FTCA"), reasoning that the U.S. Department of the Army was responsible for maintaining the parking lot where he was injured. But after the Government appeared, it moved to dismiss on the grounds that plaintiff's negligence claims ran afoul of certain exceptions to the

FTCA.  There, the Government explained that the Military Academy had contracted with Dobco, Inc. ("Dobco") to perform construction work on a set of barracks and that, as part of that work, Dobco been given full use and dominion of the parking lot where plaintiff slipped and fell.

Plaintiff filed an amended complaint to name Dobco as a defendant, Dkt. No. 20, and the parties stipulated to dismiss all claims against the Government, Dkt. No. 32.  Thereafter, Dobco answered, Dkt. No. 24, and filed a third-party complaint against Dannick, Inc. ("Dannick") and AMEC Construction, LLC ("AMEC").  Dkt. No. 34.  Dobco's third-party complaint alleged that it had entered into subcontractor agreements related to the construction work with Dannick and AMEC that contained an indemnification provision.  *Id*.  Dannick answered and asserted cross-claims.  Dkt. No. 41.  But AMEC is in default.  Dkt. No. 61.  The matter has been reassigned to this Court for all further proceedings.  Dkt. No. 48.

On July 29, 2025, third-party plaintiff Dobco moved for default judgment against third-party defendant AMEC.  Dkt. No. 65.  Despite being served, Dkt. No. 66, AMEC has failed to respond.  The time period in which to do so has since expired.  *See* Dkt. No. 65.  Accordingly, Dobco's motion will be considered on the basis of the submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment.  FED. R. CIV. P. 55(a)–(b).  The first step is to obtain an entry of default from the Clerk of the Court.  FED. R. CIV. P. 55(a).  The second step is to move for a default judgment, which must be approved by the court except in those rare cases where the plaintiff's claim is for a sum certain.  FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  But "it is not considered an admission of damages."  *Id*.  And "it remains for the court to

consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).  "Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

Upon review, third-party plaintiff Dobco's motion for a default judgment against third-party defendant AMEC must be granted as to the issue of *liability*.[1]  *See, e.g.*, *NYQF Inc. v. Sigue Corp.*, 781 F. Supp. 3d 104, 120 (E.D.N.Y. 2025) (assessing a breach-of-contract claim against a defaulting party under New York law).  However, the available submissions are an insufficient basis on which to award any measure of *damages*.  *See, e.g.*, *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof . . . .").

Before awarding damages, the district court must ensure there is "an adequate basis" for the damages sought; and *second*, the court must be able to ascertain the amount of the plaintiff's damages "with reasonable certainty."  *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020).  A court can make this determination based on evidence at a hearing or upon a review of affidavits or other evidence.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

---

[1] Dobco's third-party complaint asserts claims for contractual indemnification and contribution (Count I), common law contribution (Count II), common law indemnification (Count III), and breach of contract (Count IV).  One or more of these claims might be subject to dismissal as duplicative.  *See, e.g.*, *Green Mountain Elec. Supply Inc. v. Zero Distrib. LLC*, 2025 WL 1677073, at *5 (N.D.N.Y. June 13, 2025) (dismissing claims for unjust enrichment, account stated, quantum meruit, and promissory estoppel where plaintiff secured relief against defaulting party on breach-of-contract claim).  However, because this is a damages question, the Court does not reach it at this time.

That evidence is not before the Court at this juncture and, in fact, would appear to depend heavily (if not entirely) on the eventual resolution of Cook's negligence claims against Dobco in the primary litigation.

Therefore, it is

ORDERED that

1. Third-party plaintiff Dobco's motion for default judgment (Dkt. No. 65) against third-party defendant AMEC is GRANTED as to liability;

2. This matter is STAYED as to third-party defendant AMEC pending resolution of the remaining claims[2] in this litigation; and

3. Third-party plaintiff Dobco may seek to lift the stay, whether for the purpose of substantiating its damages or for any other reason, by filing a letter request with the Court.

The Clerk of the Court is directed to terminate the pending motion.

**IT IS SO ORDERED.**

Dated: September 15, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[2] Third-party defendant Dannick has asserted a cross-claim against AMEC. Dkt. No. 41 ¶¶ 67–68. It appears that AMEC has defaulted on that cross-claim, too. The stay entered here against AMEC is administrative in nature only and does not impact Dannick's ability to proceed on its cross-claim if it should prove prudent or necessary to do so.